IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| STEPHEN G. STERNER,          ) | |
|        Plaintiff,                  ) | |
|                                        ) | |
| v.                              ) | Civil Action No. 3:08-CV-00485 |
|                                        ) | |
| MICHAEL J. ASTRUE,           ) | |
| Commissioner of Social Security, ) | |
|        Defendant.                ) | |

**ORDER WITH REMAND PURSUANT
TO SENTENCE FOUR OF 42 U.S.C. § 405 (g)**

THIS MATTER is before the Court on Defendant's Motion to Remand to Social Security Administration (Doc. No. 11), filed June 1, 2009. Defendant, Michael J. Astrue, has moved this Court, pursuant to sentence four of 42 U.S.C. section 405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

Upon remand to the Commissioner, the Administrative Law Judge will be instructed to: 1) reevaluate Plaintiff's work activity for the year 2005 to determine how long Plaintiff worked, and to assess if that work was performed at the substantial gainful level; 2) reassess whether Plaintiff had any severe impairments on or after January 1, 2007; and, 3) consider whether Plaintiff is entitled to a closed period of disability for 2004 and, if the work he performed in 2005 was not at the substantial gainful level, for 2005.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. section 405(g), and in light of the Commissioner's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. section 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

**IT IS SO ORDERED.**

Signed: June 2, 2009

Frank D. Whitney
United States District Judge